FILED

SEP 12 2022

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY BT
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**HEATHER COUCHMAN, et al,**

Plaintiffs,

**v.**

No. 5:22-cv-00929-OLG

**JACQUELYN CALLANEN, et al,**

Defendants.

---

**PLAINTIFFS' RESPONSE TO DEFENDANTS' 12(b)(1) AND 12(b)(6) MOTION TO DISMISS**

---

*TO THE HONORABLE JUDGE GARCIA,*

Defendants removed the above cause and subsequently filed a Motion to Dismiss under Federal Rules for Civil Procedure Rules 12(b)(1) and 12(b)(6) (Doc. 7) based on the Original Petition on August 26, 2022 (Doc. 1). Plaintiffs, Heather Couchman, Jarrett Woodward, Matthew R Stuckey, Jana Willborn, Madelon Highsmith, Sylvia Ann Curry, Marsha Landry, Rodney Landry and Leigh Maddox have filed an opposition to the removal and respectfully responds to Defendants' motion as follows:

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** .......... 2
**INTRODUCTION** .......... 6
**FACT-BASED MERITS** .......... 7
**REMOVAL** .......... 10
**STANDING** .......... 11
**INJURY IN FACT** .......... 13
**POLITICAL QUESTION** .......... 15
**REMEDIABLE RIGHTS** .......... 16
**PRAYER** .......... 19

# TABLE OF AUTHORITIES

Cases

. Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir.), cert. denied, 516 U.S. 863, 116 S.Ct. 174, 133 L.Ed.2d 114 (1995) .......... 10
Andrade v. Naacp of Austin, 345 S.W.3d 1, 7-8 (Tex. 2011) .......... 14
Azul Pacifico, Inc. v. City of Los Angeles, 948 F.2d 575, 586 (9th Cir. 1991) .......... 17
Baker v. Carr, 369 U.S. 186, 206, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962) .......... 13
Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979) .......... 18
Bd. of Water Eng'rs v. City of San Antonio, 283 S.W.2d 722, 724 (Tex. 1955) .......... 11
Bonas v. Town of North Smithfield, 265 F.3d 69, 74 (1st Cir. 2001) .......... 18
Burdick v. Takushi, *504 U.S. 428, 433 (1992)* .......... 11
Cassettari v. County of Nevada, 824 F.2d 735, 737-38 (9th Cir. 1987) .......... 17
Cernosek Enters., Inc. v. City of Mont Belvieu, 338 S.W.3d 655, 663 (Tex. App.-Houston [1st Dist.] 2011 .......... 11
Cernosek Enters., Inc. v. City of Mont Belvieu, 338 S.W.3d 655, 663 (Tex. App.-Houston [1st Dist.] 2011, no pet.) .......... 11
Clinton v. City of New York, 524 U.S. 417, 118 S.Ct. 2091, 141 L.Ed.2d 393 (1998) .......... 12

Cohen v. Illinois Inst. of Technology,524 F.2d 818, 828 (7th Cir. 1975)....19
Consumer Crusade v. Fairon Associates, 379 F. Supp. 2d 1132, 1137-38 (D. Colo. 2005)....10
Dyer v. Blair, 390 F. Supp. 1291 (N.D. Ill. 1975)....15
EEC v. Akins, 524 U.S. 11, 24, 118 S.Ct. 1777, 141 L.Ed.2d 10 (1998)....14
Elrod v. Burns, 427 U.S. 347, 373 (1976)....9
Elrod v. Burns, 427 U.S. 347, 373 (1976))....9
Equal Protection Clause....7
Fajen v. Foundation Reserve Ins. Co., Inc., 683 F.2d 331, 333 (10th Cir. 1982)....10
Gomillion v. Lightfoot, 364 U.S. 339, 347-48 (1960)....17
Goode v. City of Philadelphia, 539 F.3d 311, 322 (3d Cir. 2008)....12
Graham v. Connor, 490 U.S. 386, 393-94 (1989)....18
Great American Fed. S. L. Assn. v. Novotny, 442 U.S. 366, 396 n.15 (1979)....18
Hagans v. Lavine, 415 U.S. 528 (1974)....18
Hernandez, 872 F.3d (9th Cir. 2017)....9
Hunt v. Bass, 664 S.W.2d 323, 324 (Tex. 1984)....11
In re D.D.L., No. 13-22-00062-CV, at *5 (Tex. App. Aug. 25, 2022)....11
In re S.M.D., 329 S.W.3d. (Tex. App. 2010)....11
Jacobs v. United States, 290 U.S. 13, 16, 54 S.Ct. 26, 27, 78 L.Ed. 142 (1933)....17
James C. Harrington, Free Speech, Press, and Assembly Liberties Under the Texas Bill of Rights, 68 TEX.L.REV. 1435, 1490 (1990).....16
Life Ins. Co. of North Am. v. Reichardt, 591 F.2d 499, 505 (9th Cir. 1979)....19
Low v. King, 867 S.W.2d 141, 144-45 (Tex. App. 1993)....16
Massachusetts v. Environmental Protection Agency, 549 U.S. 497, 498 (2007)....12
McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994) (en banc)....12
McLellan v. Mississippi Power Light Co.,545 F.2d 919, 930 (5th Cir. 1977) (in banc)....19
Melendres v. Arpaio, 695 F.3d 990, 1002 (9th Cir. 2012)....9
Nieto v. UAW Local 598,672 F.Supp. 987, 991-92 (E.D.Mich. 1987)....19
Ocean Acres L.P. v. Dare County Bd. of Health, 514 F. Supp. 1117, 1120 (E.D.N.C. 1981)....17
Palko v. Connecticut, 302 U.S. 319, 325, 326, 58 S. Ct. 149, 152, 82 L. Ed. 288 (1937)....12
Patel v. Rios, No. 01-20-00856-CV, at *8-9 (Tex. App. Aug. 25, 2022)....11
Philip J. Pfeiffer W. Wendell Hall, Employment and Labor Law, 43 SW.L.J. 81, 84 (1989)....16
Powell v. McCormack, 395 U.S. 486, 548–49, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969)....16
Pritchett v. Office Depot, Inc., 404 F.3d 1232, 1235 (10th Cir. 2005)....10

*Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ....................7
Rosado v. Wyman, 397 U.S. 397 (1970) ....................18
San Diego Gas Electric Co. v. City of San Diego,450 U.S. 621, 654-55, 101 S.Ct. 1287, 1305-06, 67 L.Ed.2d 551 (1981) ....................17
Shamrock Oil Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) ....................10
State v. City of Austin, 160 Tex. 348, 357, 331 S.W.2d 737, 743 (1960) ....................16
Tex. Ass'n of Bus., 852 S.W.2d at 446 (Tex. 1993) ....................11
Thompson v. International Ass'n of Machinists,580 F.Supp. 662, 667 (D.D.C. 1984) ....................19
U.S. CONST. art. III § 1 ....................15
United States ex rel. King v. Hillcrest Health Ctr., 264 F.3d 1271, 1280 (10th Cir. 2001)....................10
United States v. Reading Co., 226 U.S. 324, 357 ....................17
United States v. Students Challenging Regulatory Agency Procedures, 412 U.S. 669, 686-88, 93 S.Ct. 2405, 37 L.Ed.2d 254 (1973) ....................14
Western Union Telegraph Co. v. Foster, 247 U.S. 105, 114 ....................17

Statutes

18 U.S.C. § 245....................18
42 U.S.C. § 1983....................6, 18
42 U.S.C. § 1985....................18, 19
42 U.S.C. §15371(b)....................8
42 U.S.C. 1985 ....................18
52 U.S.C. 20971....................9
HAVA ....................7
TEX. ADMIN. CODE § 81.60....................8, 9
TEX. ADMIN. CODE § 81.61....................8, 9
TEX. CIV. PRAC. & REM. CODE § 37.003....................17, 18
TEX. CIV. PRAC. & REM. CODE § 37.004 (a)(b)....................17, 18
TEX. CIV. PRAC. & REM. CODE § 65.011....................17
TEX. CONST. art. VI § 2....................9
TEX. ELEC. CODE § 122.032 ....................9
TEX. ELEC. CODE § 276.013 ....................11
TEX. ELEC. CODE § 52.062....................9
TEX. ELEC. CODE §122.01....................7

TEX. ELEC. CODE Chap. 273 ........ 18
TEX. ELEC. CODE Chap. 65 ........ 18
TEX. ELEC. CODE Chp. 65 ........ 6, 15
TEX. GOV. CODE § 123.001 ........ 9
TEX. GOV. CODE § 1471.015 ........ 9

Other Authorities

EAC Cerification Manual https://www.eac.gov/sites/default/files/eac_assets/1/6/Cert_Manual_7_8_15_FINAL.pdf ........ 8
ERWIN CHEMERINSKY, CONSTITUTIONAL LAW: PRINCIPLES AND POLICIES 91 (3d ed. 2006) ........ 14
VSTL Manual https://www.eac.gov/sites/default/files/eac_assets/1/28/VSTLManual%207%208%2015%20FINAL.pdf ........ 8

Constitutional Provisions

Declaration of Independence ........ 13
Due Process Clause ........ 7
of TEX. CONST. art. VI § 4 ........ 9
TEX CONST. art. I § 3 ........ 18
TEX. CONST. art I § 13 ........ 18
TEX. CONST. art. I § 1 ........ 13, 14
TEX. CONST. art. I § 13 ........ 18
TEX. CONST. art. I § 17 ........ 18
TEX. CONST. art. I § 19 ........ 18
TEX. CONST. art. I § 2 ........ 13, 14
TEX. CONST. art. I § 3 ........ 13, 18
TEX. CONST. art. IV § 2 ........ 13
TEX. CONST. art. VI § 2 ........ 9, 17
TEX. CONST. art. VI § 2 (c) ........ 16
TEX. CONST. art. VI § 2(c) ........ 11, 13
TEX. CONST. art. VI § 4 ........ 6, 9
U.S. CONST. amend 1 ........ 13

U.S. CONST. amend. 1 .......... 13
U.S. CONST. amend. 14 .......... 13
U.S. CONST. amend. 15 .......... 14, 18
U.S. CONST. art. I § 2 .......... 13
U.S. CONST. art. I § 3 .......... 13
U.S. Const. art. I § 4 .......... 7
U.S. CONST. art. I § 4 .......... 10, 13
U.S. CONST. art. III § 2 .......... 15
U.S. CONST. art. III § 3 .......... 15
U.S. CONST. art. IV § 4 .......... 14
U.S. CONST. art. IV § 4. .......... 14

## INTRODUCTION

Defendants allege Plaintiffs lacks standing to complain that Bexar County's use of electronic voting machines deprives them of the right to vote, and equate Plaintiffs' complaint to a generalized grievance about the conduct of government that alleges no injury particularized to them. Further, Defendants describe further infractions upon Plaintiffs' voting rights through the utilization of uncertified, unreliable electronic voting systems in an election franchise as "highly conjectural and hypothetical nature" (asserting Plaintiffs' lack of standing with no injury-in-fact), and claim 42 U.S.C. § 1983 does not cover state law violations (ECF no. 7 pg. 7).

Plaintiffs sought a Declaratory Order that the Defendants adhere to the constitutionally protected process of collecting and counting votes that ensures integrity and transparency. This is to require hand-marked paper ballots that can be cast with anonymity, following all Texas state election laws, and hand-counted by residents of the state of Texas, not machines as Texas Election law specifies. (TEX. CONST. art. VI § 4 and TEX. ELEC. CODE Chp. 65). Additionally,

Plaintiffs sought redress for the abuse and devastation of our United States and Texas Constitutional rights and protections by our elected officials. Bexar County is utilizing uncertified, computerized equipment that is, by nature, vulnerable to manipulation by unauthorized persons. The true results of an election that relies upon computerized equipment can never be known with full confidence, and Plaintiffs' constitutional rights to vote will be denied if computerized equipment is used.

Furthermore, Defendants concur with Plaintiffs' claims concerning the manner in which Bexar County conducts its elections. The Constitution explicitly commits to the States the authority to determine the manner of conducting elections. U.S. Const. art. I § 4. (ECF no.7 pgs 11-12). Thus, this case belongs in State court as it presents a question of law that is important to the jurisprudence of the state. Plaintiffs brought this case as an action in law and equity under the Texas Constitution for violation of Plaintiffs' Equal Protection and Due Process rights by Defendants. Plaintiffs sought only equitable, injunctive, and declaratory relief against Defendants for violation of Plaintiffs' clearly established Equal Protection and Due Process rights guaranteed to them by and through the Texas Constitution. Petitioner did not seek damages.

## FACT-BASED MERITS

One of the most basic requirements of a 42 U.S.C. § 1983 claim is that defendant personally cause — either by directing, or knowing of and acquiescing in — the deprivation of a Plaintiffs' constitutional rights. See *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988). Texas codified HAVA into its Election Code. Plaintiffs' presents a substantial number of facts backed by credible and official sources that demonstrate the electronic voting systems utilized in Bexar County since the 2020 election do not perform according to the voting system standards (TEX. ELEC. CODE §122.01) necessary to conduct free and fair election, and were not properly certified

(TEX. ADMIN. CODE §§ 81.60 and 81.61). (Petition for Declaratory Judgment and Emergency Relief Against Electronic Voting Systems and Destruction of Records, pg. 10-39, and Appendix 6-7). Specifically, Texas Election Code §122.01(a)(3) states "operates safely, efficiently, and accurately and complies with the voting system standards adopted by the Election Assistance Commission". Under HAVA 2002 (42 U.S.C. §15371(b)) "requires that the EAC provide for the accreditation and revocation of accreditation of independent, non-federal laboratories qualified to test voting systems to Federal standards".

"In order to meet its statutory requirements under HAVA §15371(b), the EAC has developed the EAC's Voting System Test Laboratory Accreditation Program." The procedural requirements for this program are outlined in the EAC's Voting System Test Laboratory Accreditation Program Manual[1] and the EAC's Voting System Test Laboratory Program Manual (OMB 3265-0018)[2]. The accreditation for Voting System Testing Laboratories (VSTLs) "shall not exceed a period of two (2) years…", according to EAC guidelines. The accreditation for VSTLs is signed by the Chairman of the EAC. As outlined in the complaint, the EAC did not have quorum or proper signatures from the EAC chairman to allow for certification of VSTLs from 2017 forward. Therefore, certification of machines from 2017 forward was not conducted properly per the guidelines set by HAVA, which was codified into Texas law, and the EAC itself.

Defendants, knowing the law, were knowingly remiss in their duties acting under the color of law and are in violation of Texas statute in not acknowledging the expiration of certifications of accreditation of VSTLs or the lack of legal signature per HAVA thereby allowing voting

---

[1] https://www.eac.gov/sites/default/files/eac_assets/1/28/VSTLManual%207%208%2015%20FINAL.pdf

[2] https://www.eac.gov/sites/default/files/eac_assets/1/6/Cert_Manual_7_8_15_FINAL.pdf

machines to be used in elections since 2020 violating Tex. Elec. code § 122.032, § 52.062, Tex. Admin. Code § 81.60 and § 81.61, which are apparent violations of TEX. CONST. art. VI §§ 2 and 4 and federal 52 U.S.C. 20971. Defendants, acting under the color of law, allowed for the use of non HAVA complaint voting system equipment, software, and modifications for elections occurring in Bexar County in 2021 and 2022 violating TEX. ELEC. CODE §§ 122.032, 52.062, TEX. ADMIN. CODE § 81.60 and § 81.61, which are apparent violations of TEX. CONST. art. VI §§ 2 and 4, and federal 52 U.S.C. 20971.

The evidence clearly laid out by Plaintiffs show that the Defendants failed to take necessary actions to protect Plaintiffs' right to vote and continue to do so to this day, causing ongoing individual harm to Plaintiffs. Texas law does not mandate the use of electronic voting systems to conduct elections. Rather, the authority of adopting a voting system is bestowed on the Defendants (TEX. ELEC. CODE § 123.001) thus, it is the duty sworn in their Oath's of Office to make sure that the adopted voting system was legally certified and complies with all Texas laws. Defendants' clear lack of due diligence in their official capacity prove individual injury and harm to Plaintiffs (pg. 37-39). Defendants, when made aware of the lack of proper certification, had jurisdiction within their official capacity (TEX. ELEC. CODE §§ 123.001, 123.002 et seq.) to seek an injunction and or restraining order from the attorney general on the voting equipment/software to prevent the use of any part of the voting system/software. "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)); *Hernandez*, 872 F.3d (9th Cir. 2017).

## REMOVAL

Removal of this case was improper, U.S. CONST. art. I § 4. "The Court is ultimately persuaded that jurisdiction is lacking in these circumstances by the Tenth Circuit's careful jurisprudence on the limited jurisdiction of the federal courts. As stated recently in *Pritchett v. Office Depot, Inc.*, 404 F.3d 1232, 1235 (10th Cir. 2005):

> It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals. Shamrock Oil Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); United States ex rel. King v. Hillcrest Health Ctr., 264 F.3d 1271, 1280 (10th Cir. 2001). Thus, if there is ambiguity as to whether the instant statute confers federal jurisdiction over this case, we are compelled to adopt a reasonable, narrow construction.

Because federal courts are courts of limited jurisdiction, there is a presumption against removal jurisdiction. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), cert. denied, 516 U.S. 863, 116 S.Ct. 174, 133 L.Ed.2d 114 (1995). Moreover, if the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter. Id.; see also F.R.Civ.P. 12(h)(3). Federal removal jurisdiction is statutory in nature and is to be strictly construed. All doubts are to be resolved against removal. *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).

"Applying these principles…this Court finds that this case was improperly removed due to a lack of subject matter jurisdiction." *Consumer Crusade v. Fairon Associates*, 379 F. Supp. 2d 1132, 1137-38 (D. Colo. 2005). Defendants argue, "Plaintiffs' constitutional claims should be properly removed to federal court based on the federal questions at issue." (ECF no. 1 pg. 2). Defendants then argue, "Such claims are not actionable under Section 1983 because they rest on allegations of the violation of rights secured by state law, not federal." (ECF no. 7 pg. 13)

Defendants further argue "The question of the right of the person elected at elections using the systems the plaintiffs challenge here is not an issue within this Court's jurisdiction." (ECF no. 7 pg. 12) Plaintiffs argue this is the reason removal was inappropriate, an attempt to prevent the case from being heard, a diversionary tactic, clear evidence of Defendants' obstruction of Plaintiffs' rights to redress their grievances regarding obvious violations of the U.S. Constitution, Texas Constitution and Texas state law, and the reason to remand the case back to State court.

## STANDING

Defendants seek to challenge Plaintiffs' standing in court as a voter. "The general test for standing in Texas requires that there '(a) shall be a real controversy between the parties, which (b) will be actually determined by the judicial declaration sought.'" *Tex. Ass'n of Bus.*, 852 S.W.2d at 446 (quoting *Bd. of Water Eng'rs v. City of San Antonio*, 283 S.W.2d 722, 724 (Tex. 1955)). Standing also requires some interest peculiar to the plaintiff individually and not as a member of the public. *Hunt v. Bass*, 664 S.W.2d 323, 324 (Tex. 1984); *Cernosek Enters., Inc. v. City of Mont Belvieu*, 338 S.W.3d 655, 663 (Tex. App.-Houston [1st Dist.] 2011, no pet.). *Patel v. Rios*, No. 01-20-00856-CV, at *8-9 (Tex. App. Aug. 25, 2022). ""When standing has been conferred by statute, the statute itself serves as the proper framework for a standing analysis." *In re S.M.D.*, 329 S.W.3d at 12." *In re D.D.L.*, No. 13-22-00062-CV, at *5 (Tex. App. Aug. 25, 2022). The privilege of free suffrage shall be protected by laws regulating elections and prohibiting under adequate penalties all undue influence in elections from power, bribery, tumult, or other improper practice (TEX. CONST. art. VI § 2(c), TEX. ELEC. CODE § 276.013).

Voting is an indisputable right "of the most fundamental significance under our constitutional structure." *Burdick v. Takushi, 504 U.S. 428, 433 (1992).* The Constitutions of Texas and the United States recognize that human beings have "certain inalienable rights" to which

they are entitled which arise as a matter of natural right. The most crucial of these rights are the constitutionally protected Fundamental Rights, which are rights that are so "implicit in the concept of ordered liberty" that "neither liberty nor justice would exist if they were sacrificed." *Palko v. Connecticut*, 302 U.S. 319, 325, 326, 58 S. Ct. 149, 152, 82 L. Ed. 288 (1937); *McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994) (en banc). A litigant who has a procedural right for protected concrete interests "can assert that right without meeting all the normal standards for redressability and immediacy," ibid." *Massachusetts v. Environmental Protection Agency*, 549 U.S. 497, 498 (2007). *Clinton v. City of New York*, 524 U.S. 417, 118 S.Ct. 2091, 141 L.Ed.2d 393 (1998), which states: [It is a] self-evident proposition that more than one party may have standing to challenge a particular action or inaction. Once it is determined that a particular plaintiff is harmed by the defendant, and that the harm will likely be redressed by a favorable decision, that plaintiff has standing — regardless of whether there are others who would also have standing to sue. *Goode v. City of Philadelphia*, 539 F.3d 311, 322 (3d Cir. 2008). Plaintiffs have a vested interest in protecting the quality, accuracy, and effectiveness of the individual (one person, one vote) votes cast by Plaintiffs to ensure the representative public servants in society are lawfully elected by the consent of the governed for the protection against tyranny and for healthy maintenance of our Republican form of government bestowed upon us by our ancestors and for the advantage of our descendants.

With respect to Defendants' argument "The other way to determine if a person properly holds office is through the extraordinary remedy available through quo warranto" (Doc. No. 7 pg. 12), citizens of Bexar County and other counties in Texas already attempted that option and were ignored by their "elected" officials. Irene Valdez sent a request for Quo Warranto to Bexar County District Attorney Joe Gonzales on May 13, 2021 and was completely ignored. She then sent a

letter to Texas Attorney General Ken Paxton about the non-response from the Bexar County DA on August 9, 2021 and was again ignored. (Appendix P-1). In a facial attack and motion to dismiss under Rule 12(b)(1), "the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." "A Rule 12(b)(6) motion is appropriate when a plaintiff has not exhausted administrative remedies. However, because the Court concludes that plaintiff has exhausted administrative remedies, it has subject matter jurisdiction over the claim and considers defendants' motion to dismiss under Rule 12(b)(6)." Turton v. Sharp Steel Rule Die, Inc., CIVIL ACTION No. 01-2017, at *1 n.1 (E.D. Pa. July 19, 2001). Administrative remedies have been exhausted and it is time for the representative servants to remember who the genuine authority of government is in this state. Dec. of Ind., TEX. CONST. art. I §§ 1, 2, 3, and art. VI § 2(c).

## INJURY IN FACT

Defendants' legal argument attempts to strip Plaintiffs' individualized injury as each transaction – the vote – is personal and constitutionally protected from dilution or manipulation. The carelessness of negating one vote is one too many in a constitutional republic. If such impairment does produce a legally cognizable injury, [the plaintiffs] are among those who have sustained it. Because they assert a plain, direct and adequate interest in maintaining the effectiveness of their votes, not merely a claim of the right, possessed by every citizen, to require that the Government be administered according to law, the voters have standing to pursue their equal protection claim. *Baker v. Carr*, 369 U.S. 186, 206, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962). The negligence of our most treasured civic duty is outrageous and shocking. Plaintiffs establish concrete, particularized, individualized injury. Our founding documents – namely the Declaration of Independence, Article I §§ 2, 3, and 4 of the U.S. Constitution, the First, Fourteenth, and

Fifteenth Amendments, and TEX. CONST. art. I §§ 1, 2, 3 – solidify the right to vote in order to ensure a Republican form of government. *U.S. CONST. art. IV § 4, TEX. CONST. art. I § 2.* The governmental representatives of a people bequeath consequences, whether positive or negative (the amount and degree of harm the population of a society experiences correlates to how tyrannical a representative authority becomes). Plaintiffs have endured their own individualized, tangible, specific injuries as a result of election maladministration and malfeasance over the series of elections since 2020 due to leadership failing to uphold and defend the Constitution.

The assertion of the Defendants that Plaintiffs lacks standing to bring claims is incorrect. Injury in fact "… is based not on the number of people affected — a grievance is not generalized merely because it is suffered by large numbers of people. ERWIN CHEMERINSKY, CONSTITUTIONAL LAW: PRINCIPLES AND POLICIES 91 (3d ed. 2006). As the Supreme Court has noted, "[t]o deny standing to persons who are in fact injured simply because many others are also injured, would mean that the most injurious and widespread Government actions could be questioned by nobody." *United States v. Students Challenging Regulatory Agency Procedures*, 412 U.S. 669, 686-88, 93 S.Ct. 2405, 37 L.Ed.2d 254 (1973). Thus, "where a harm is concrete, though widely shared, the Court has found injury in fact." *EEC v. Akins*, 524 U.S. 11, 24, 118 S.Ct. 1777, 141 L.Ed.2d 10 (1998) (citation omitted). *Andrade v. Naacp of Austin*, 345 S.W.3d 1, 7-8 (Tex. 2011). Defendants claim "Plaintiffs have not alleged facts creating the reasonable inference that Defendants denied them the right to vote under any provision therein. In fact, Plaintiffs state they did vote in the November 2020 election." (ECF no. 7 pg. 15) Election fraud is committed when a person knowingly or intentionally makes any effort to cause a voter to become registered, a ballot to be obtained, or a vote to be cast under false pretenses; prevent a voter from casting a legal ballot in an election in which the voter is eligible to vote. TEX ELEC CODE §

276.013(a)(2)(4). The privilege of free suffrage shall be protected by laws regulating elections and prohibiting under adequate penalties all undue influence in elections from power, bribery, tumult, or other improper practice. TEX. CONST. art. VI § 2(c). The actual and imminent injury will occur again during the 2022 Elections through the utilization of electronic voting equipment and systems that the Respondents acknowledge will be used.

## POLITICAL QUESTION

Defendants utilize *Spectrum Stores, Inc v. Citgo* as the standard for defining political questions (ECF no. 7 pg. 8). In contrasting the petition to these standards:

Plaintiffs' case is not dispositive of "dominant consideration" in whether the Constitution's text demonstrably commits an issue to a coordinate political branch. Plaintiffs have not challenged the Texas Legislature's policy determination to authorize the use of electronic voting machines. Rather, Plaintiffs have challenged the Defendants authorization and use of uncertified, illegal voting systems to conduct elections that do not meet legislative standards. Plaintiffs did not seek any relief outside the Judiciary requirements of the Constitutional provisions in Article III §§ 1, 2, and 3. Petitioner sought to return to the constitutional provision under TEX. CONST. art. VI § 4 and underscored in TEX. ELEC. CODE Chp. 65: the textually demonstrable constitutional commitment of the issue to a coordinate political department does not apply.

This case does not suffer from a lack of judicially discoverable and manageable standards as "It is primarily the character of the standards, not merely the difficulty of their application, that differentiates between those which are political and those which are judicial." *Dyer v. Blair,* 390 F. Supp. 1291 (N.D. Ill. 1975). There is no possibility of expressing a lack of respect due the Legislative branch since the Legislative branch authored and passed Chapter 65 of the Texas Election Code: provisions for paper ballots in obedience to TEX. CONST. art. VI § 4. Further,

TEX. CONST. art. VI § 2 (c) says "The privilege of free suffrage shall be protected by laws regulating elections and prohibiting under adequate penalties all undue influence in elections from power, bribery, tumult, or other improper practice." It does not say quick, efficient, or expedient election. The constitution is clear that the goal is for the election to be accurate, secure from fraud or manipulation, and free. Constitutional interpretation does not disrespect a coordinate branch of government, even when a court's interpretation does not accord with a political branch's view. *Powell v. McCormack*, 395 U.S. 486, 548–49, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).

## REMEDIABLE RIGHTS

Defendants assert this is a federal question case as the "Plaintiffs' claims present federal questions within the subject matter of this Court." (ECF no. 1 pg. 2). "The Texas Constitution itself provides for an independent grounding to assert a constitutional cause of action wherein a governmental entity or the officials thereof interfere with an individual citizen's rights which are protected by the State constitution...See, *Philip J. Pfeiffer W. Wendell Hall, Employment and Labor Law*, 43 SW.L.J. 81, 84 (1989); *James C. Harrington, Free Speech, Press, and Assembly Liberties Under the Texas Bill of Rights*, 68 TEX.L.REV. 1435, 1490 (1990)." *Low v. King*, 867 S.W.2d 141, 144-45 (Tex. App. 1993).

Plaintiffs emphasized their vote as their property (pg. 40). Assuming negligent or offensive acts are committed in the performance of a governmental function, the state should be held accountable, and recompense made for the injuries caused by that act as an operating expense of achieving the governmental purpose. As the court emphasized, "[o]ur fundamental law does not contemplate or require that every private injury and loss which may be necessary to protect or promote the public health, safety, comfort and convenience must always be borne by individuals and corporations." *State v. City of Austin*, 160 Tex. 348, 357, 331 S.W.2d 737, 743 (1960). The

Courts recognize the necessity of prohibiting a State (or subdivision thereof) from exploiting a power to justify the imposition of an "unconstitutional condition." "Acts generally lawful may become unlawful when done to accomplish an unlawful end, *United States v. Reading Co*., 226 U.S. 324, 357, and a constitutional power cannot be used by way of condition to attain an unconstitutional result." *Western Union Telegraph Co. v. Foster*, 247 U.S. 105, 114. *Gomillion v. Lightfoot*, 364 U.S. 339, 347-48 (1960).

When the government takes private property, it must pay just compensation to the owner. *Jacobs v. United States*, 290 U.S. 13, 16, 54 S.Ct. 26, 27, 78 L.Ed. 142 (1933). If the government fails to do so, the property owner may bring suit under the takings clause to compel payment. Id; *Causby*, 328 U.S. at 261-62, 267. This is equally true of an action against a state subdivision. See *Cassettari v. County of Nevada*, 824 F.2d 735, 737-38 (9th Cir. 1987); *Ocean Acres L.P. v. Dare County Bd. of Health*, 514 F. Supp. 1117, 1120 (E.D.N.C. 1981), affirmed, 707 F.2d 103 (4th Cir. 1983). The Constitution itself provides both the cause of action and the remedy. *Jacobs*, 290 U.S. at 16, 54 S.Ct. at 27; *San Diego Gas Electric Co. v. City of San Diego*,450 U.S. 621, 654-55, 101 S.Ct. 1287, 1305-06, 67 L.Ed.2d 551 (1981) (Brennan, J., dissenting); see also *Dickinson*, 331 U.S. at 748, 67 S.Ct. at 1384. *Azul Pacifico, Inc. v. City of Los Angeles*, 948 F.2d 575, 586 (9th Cir. 1991).

Plaintiffs' petition for Declaratory Judgment and Emergency Relief was based upon the United States and Texas Constitution. The state court has concurrent jurisdiction with federal court regarding constitutional questions. Plaintiffs used both state and federal statutes and constitutional provisions as much of the State of Texas statutes and constitutional law parallels the federal; in addition to the Defendents' claims, Petitioner also brought the cause of action under TEX. CIV. PRAC. & REM. CODE §§ 37.003, 37.004 (a)(b), 65.011, TEX. CONST. art. VI § 2, TEX.

CONST. art. I §§ 3, 13, 17 and 19, as well as a multitude of Texas Election Code including Chapters 65 and 273. Count I was brought under TEX. CONST. art. I §§ 17 and 19, and the First, Fourteenth, and Fifteenth Amendments; Count II under TEX. CONST. art. I § 3, and the Fourteenth Amendment; Count III and IV under TEX. CONST. art. I §§ 13 and 19, Count V under TEX. CONST. art. VI § 2, and the First and Fourteenth Amendments; and Count VI under TEX. CIV. PRAC. & REM. CODE § 37.003, § 37.004 (a)(b).

Texas Codified HAVA and 18 U.S.C. § 245 confers a federally protected right. Section 1983 of Title 42 creates a cause of action against anyone who, acting under color of law, deprives an individual of rights secured by the Constitution or by federal statute. See 42 U.S.C. § 1983. The statute is not a source of substantive rights, but merely provides "a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). Thus, "that, in those few cases in which organic failures in a state or local election process threaten to work patent and fundamental unfairness, a colorable claim lies for a violation of substantive due process (and, hence, federal jurisdiction attaches)." *Bonas v. Town of North Smithfield*, 265 F.3d 69, 74 (1st Cir. 2001).

Furthermore, Plaintiffs also incorporated 42 U.S.C. § 1985 in the Counts section of the petition. Because § 1985(3) refers to all federal rights, it is irrelevant that the particular right sought to be vindicated thereunder was not in existence at the time the cause of action was enacted. Cf. *Hagans v. Lavine*, 415 U.S. 528 (1974); *Rosado v. Wyman*, 397 U.S. 397 (1970) (cause of action under § 1983 to vindicate right under subsequently enacted statute). *Great American Fed. S. L. Assn. v. Novotny*, 442 U.S. 366, 396 n.15 (1979). Plaintiffs contend it is also irrelevant if the petition matched the legal standard of BAR lawyers as all Courts shall be open to the people of this nations for all controversies. *U.S. CONST. art. III, TEX. CONST. art I § 13*. The association

between § 1985(3) and state law have been heavily deliberated in the Courts: *Life Ins. Co. of North Am. v. Reichardt,* 591 F.2d 499, 505 (9th Cir. 1979), (private conspiracy to deprive persons of equal protection of state law is actionable under § 1985(3)); *McLellan v. Mississippi Power Light Co.,*545 F.2d 919, 930 (5th Cir. 1977) (en banc) (same); *Cohen v. Illinois Inst. of Technology,*524 F.2d 818, 828 (7th Cir. 1975) (Stevens, C.J.) (§ 1985(3); *Nieto v. UAW Local 598,*672 F.Supp. 987, 991-92 (E.D.Mich. 1987) (only federally protected rights); *Thompson v. International Ass'n of Machinists,*580 F.Supp. 662, 667 (D.D.C. 1984) (only federally protected rights). *Traggis v. St. Barbara's Greek Orthodox Church*, 851 F.2d 584, 589 (2d Cir. 1988).

It is true that Plaintiffs want to know if, in fact, their vote was legal considering the lack of proper certification from a properly accredited VSTL caused Plaintiffs to cast an illegal ballot. Should a citizen of Texas decide to perform as a lawyer, doctor, teacher, etc. without having received a certified degree from an accredited university – the government would hold them criminally accountable for fraud. Choosing the people who will represent these Plaintiffs as an official leader should require the same – if not higher – standard. People vote every day. Determining the persons who will represent Plaintiffs in an official capacity is not a mere vote, but a civic duty and choice protected by the Constitutions of the United States and Texas.

## PRAYER

Respectfully, the Plaintiffs pray the court will grant the Motion for Remand back to State Court filed August 29, 2022. However, if your Honor chooses to assume jurisdiction, Plaintiffs pray this Court denies Defendants' Motion to Dismiss and allows the Plaintiffs to amend the original petition to cure defects. This Court GRANTS such other and further relief as may be just, equitable, and proper including without limitation, an award of any attorneys' fees and costs to Petitioner.

Respectfully submitted this 12th day of September, 2022,

By: [signature]

Jarrett Woodward
8910 N Loop 1604 W Apt 1633
San Antonio, TX 78249
210-693-7457
Digging4au@protonmail.com
*Pro se*

**CERTIFICATE OF SERVICE**

On September 12, 2022, I served a true and correct copy of this response in accordance with the Federal Civil Rules of Procedure to attorney for Defendants as follows:

LISA CUBRIEL
State Bar No. 24045731
Lisa.Cubriel@bexar.org
ROBERT W. PIATT III
State Bar No. 24041692
Robert.Piatt@bexar.org Assistant District Attorneys,
Civil Division
101 W. Nueva, 7th Floor
San Antonio, Texas 78205
Telephone: (210) 335-2142
Facsimile: (210) 335-2773Attorney for Defendants

By: [signature]

Jarrett Woodward
8910 N Loop 1604 W Apt 1633
San Antonio, TX 78249
210-693-7457
Digging4au@protonmail.com
*Pro se*

/s/ ***Heather Couchman***
**Heather Couchman**
16511 Stone Ridge Dr
San Antonio, TX 78232
210-943-6020
HeatherNTX@protonmail.com

/s/ ***Rodney Landry***
**Rodney Landry**
5819 Lost Creek St
San Antonio, TX 78247
210-710-1722
Mrandmrslandry17@protonmail.com

/s/ ***Matthew R Stuckey***
**Matthew R Stuckey**
20533 Wind Springs
San Antonio, TX 78258
210-748-8097
hunterofwine@gmail.com

/s/ ***Jana Willborn***
**Jana Willborn**
2302 Tory Hill St
San Antonio, TX 78232
210-378-8503
**jwillborn@gmail.com**

/s/ ***Madelon Highsmith***
**Madelon Highsmith**
251 Brightwood Pl
San Antonio, TX 78209
214-505-5071
Highsmith@ME.com

/s/ ***Sylvia Ann Currie***
**Sylvia Ann Currie**
1303 White Rock
San Antonio, TX 78245
210-673-8673
**Sylviaacurrie@hotmail.com**

/s/***Marsha Landry***
**Marsha Landry**
5819 Lost Creek St
San Antonio, TX 78247
210-710-1722
Mrandmrslandry17@protonmail.com

/s/ ***Leigh Maddox***
**Leigh Maddox**
10539 Calico Creek
San Antonio, TX 78427
701-838-1009
**l.erin99@gmail.com**

# APPENDIX P-1

# Irene Valdez Request for Quo Warranto

Irene H Valdez
8110 Janda Susan Rd
San Antonio, TX 78209

August 09, 2021

Ken Paxton
Office of the Attorney General
PO Box 12548
Austin, TX 78711-2548

Dear Ken Paxton:

I am aware of violations of TX Elec Code § 122.01, as well as TX Admin. Codes § 81.60 (3)/81.60 (8)(B), specifically that electronic voting machines in my county were not certified from 2017 until 2021. I contacted my local district attorney, **Joe Gonzales, Bexar County, Texas** with a writ of quo warranto request to remedy an election result; I have enclosed a copy of our correspondence, plus the USPS certified receipt-received green card, dated 5/13/21, by Mr Gonzales office.

The USPS green card is the only thing Mr Gonzales office sent back. The Bexar County district attorney did not bother to contact me in any fashion, but chose instead, to just disregard my request for information.

I wanted proof that the election systems had been certified, I received nothing. They provided no proof the certifications had been done prior to the November 2020 election, or any other elections prior.

As I explained to my DA, Pro V&V, the entity which delivered and certified the voting system software/firmware and related materials, was not certified themselves from 2017 until 2021. The certification expired and was not renewed until 2021. Stating after the fact that the certification did not actually lapse because it was not revoked is not a remedy.

Both hardware and software certifications should be taken seriously when an agency has secure systems it relies upon to accomplish the mission. Not having proper certification for our voting systems is a blatant security breach. All of our elections in Texas since February 25, 2017, are likely illegitimate.

Any elected or appointed official who ignores reports of security breaches such as this genuinely concerns me and other Texans. I understand that in recent weeks, several of your constituents have also contacted their local district attorneys and received negative responses or no response at all.

You may contact me at 210-473-1348, or by email at ivaldez0623@gmail.com

Respectfully,

Irene H Valdez
8110 Janda Susan Rd
San Antonio, TX 78209
210-473-1348
ivaldez0623@gmail.com

2 Enclosures:

1. Individual relator's request for writ of quo warranto for TX District 123, Diego Bernal
   - Includes my copy of the signed-returned USPS Certified Registered-Received card sent to Bexar County DA Gonzales, 100 Dolorosa, San Antonio, TX 78205
2. 3-PAGE LIST OF QWs SENT

Irene H Valdez
8110 Janda Susan
San Antonio, TX 78209
210-473-1348
ivaldez0623@gmail.com
May 10, 2021

**Subject:** Individual relator's request for writ of quo warranto for TX Dist 123, Diego Bernal

Dear District Attorney Gonzales:

As an individual resident of Bexar County, I am officially requesting that you petition the proper court for a writ of quo warranto, on my behalf, against Texas Representative Diego Bernal, District 123. Tex. Civ. Prac. & Rem. Code §§ 66.001 authorizes quo warranto as a remedy to remove usurping elected officials. Representative Bernal is unlawfully holding his seat, due to the irrefutable fact that the voting systems used to elect Representative Bernal were not legally certified, as required by Texas law.

The nature of this pursuit is not under the pretense of a minor technicality. Properly certifying the software/firmware used in voting systems has extreme relevancy to, if not utmost determination in, the accuracy of results in our Texas-run elections. TX Elec Code § 122.01 prevents voting systems from being used in an election unless met by the VOTING SYSTEM STANDARDS contained within, one such requirement ensuring the system "*operates safely, efficiently, and accurately and complies with the voting system standards adopted by the Election Assistance Commission*".

Additionally, 1 TX Admin. Code § 81.60 (3) requires that a voting system certification "*applicant must have the nationally accredited voting system test laboratory (VSTL) deliver a copy of all nationally qualified software/firmware and source codes for the system and/or system components requested for Texas certification, directly to the Secretary of State no later than 45 days prior to examination. (4) The applicant must authorize the nationally accredited voting system test laboratory to deliver all the applicable executable and installation files to the National Software Reference Library (NSRL) within 30 days after receiving federal certification.*"

1 TX Admin. Code § 81.60 (8)(B) requires that the "*applicant must demonstrate an installation and configuration of the software/firmware on each system and system component using the Secretary of State's copy of the software/firmware received from the nationally accredited voting system test laboratory.*"

Furthermore, "*the system shall have been certified, if applicable, by means of qualification testing by a Nationally Recognized Test Laboratory (NRTL)*" as required by 1 TX Admin. Code § 81.61.

Pro V&V, the entity which delivered and certified the voting system software/firmware and related materials used to elect Representative Bernal, has not been a "*nationally accredited voting system test laboratory*" since the year 2017[1]. One can only surmise they have not earned the trust of awarding bodies, of which renew accreditation status every two years. This is an egregious lapse of qualifications, beyond any reasonable excuse, for a company that specializes in auditing critical requirements.

Because Pro V&V **failed to acquire proper accreditation** for such a vital component of the voting systems aforementioned, the results of elections using this software/firmware is irrefutably illegitimate. In accordance with Federal and Texas election law, Representative Bernal is, whether knowingly or unknowingly, usurping his currently held position.

I, therefore, request that you petition a writ for quo warranto on my behalf, in order to unseat Representative, District 123. As the individual relator, I make myself available to hold the vacant position until a lawful election can be held for said position.

Respectfully submitted,

Irene H Valdez

Date May 01, 2021

1 https://www.eac.gov/voting-equipment/voting-system-test-laboratories-vstl/pro-vv

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Bexar County DA
Gonzales
100 Dolorosa
San Antonio, TX 78205

9590 9402 5762 0003 5094 83

2. Article Number (Transfer from service label)

7020 1810 0000 4657 7756

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X [signature]

☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☒ No

3. Service Type

☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
ricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

Enclosure 2.

## *LIST OF QWs SENT*

| *Date* | DA/CA | QW Subject | Position | District |
|---|---|---|---|---|
| 5/10/21 | James Nichols | Bill Schumann | Bell County Commissioner | |
| 5/10/21 | James Nichols | David Blackburn | Bell County Judge | |
| 5/10/21 | James Nichols | Shay Luedeke | Bell County Tax Assessor | |
| 5/10/21 | Jose Garza | Allison Atler | City of Austin City Council | |
| 5/10/21 | Jose Garza | Steve Adler | City of Austin Mayor | |
| 5/10/21 | John Creuzot | Eric Johnson | City of Dallas Mayor | |
| 5/10/21 | Brett Ligon | Datren Williams | Conroe ISD School Board | |
| 5/10/21 | Brett Ligon | Mr. Dale Inman | Conroe ISD School Board | |
| 5/10/21 | Brett Ligon | Mr. Ray Sanders | Conroe ISD School Board | |
| 5/10/21 | Brett Ligon | Mr. Scott Moore | Conroe ISD School Board | |
| 5/10/21 | Brett Ligon | Mr. Skeeter Hubert | Conroe ISD School Board | |
| 5/10/21 | Brett Ligon | Mrs. Stacey Chase | Conroe ISD School Board | |
| 5/10/21 | Brett Ligon | Mrs. Theresa Wagaman | Conroe ISD School Board | |
| 5/10/21 | Jim Nichols | Anthony Garza | County Judge | |
| 5/10/21 | Wes Mau Hays | Ruben Becerra | County Judge | |
| 5/10/21 | Paul Johnson | Michelle French | Denton County Tax Assessor | |
| 5/10/21 | Dusty Gallivan | Debi Hays | Ector County Judge | |
| 5/10/21 | Kim Ogg | Greg Abbott | Governor | |
| 5/10/21 | Paul Johnson | Jenny Proznik | Lewisville ISD Board | |
| 5/10/21 | K. Sunshine Stanek | Latrelle Joy | Lubbock City Council | |
| 5/11/21 | B. D. Griffin | Mark Keough | Montgomery County Judge | |
| 5/10/21 | | Matt Robinson | State Board of Education | |
| 5/10/21 | James Nichols | Tom Maynard | State Board of Education | |
| 5/10/21 | Jose Garza | Tom Maynard | State Board of Education | |
| 5/10/21 | James Nichols | Jason Locklin | Temple Board of Directors | |
| 5/10/21 | James Nichols | Michael Norman | Temple Board of Directors | |
| 5/10/21 | James Nichols | Robert Cortes Jr. | Temple Board of Directors | |
| 5/10/21 | James Nichols | Tyler Johnson | Temple Board of Directors | |
| 5/10/21 | Jim Nichols | Brian Reinhardt | Temple Board of Directors Health & Bioscience | |

| | | | | |
|---|---|---|---|---|
| 5/10/21 | Jim Nichols | Damir Nizamutdinov | Temple Board of Directors Health & Bioscience | |
| 5/10/21 | Jim Nichols | Jessica Walker | Temple City Council | |
| 5/10/21 | Jim Nichols | Judy Morales | Temple City Council | |
| 5/10/21 | Jim Nichols | Susan Long | Temple City Council | |
| 5/10/21 | Jim Nichols | Wendell Williams | Temple City Council | |
| 5/10/21 | Jim Nichols | Linell Davis | Temple ISD Board | |
| 5/10/21 | Jim Nichols | Ronnie Gaines | Temple ISD Board | |
| 5/10/21 | Jim Nichols | Sandhya Sanghi | Temple ISD Board | |
| 5/10/21 | Jim Nichols | Shannon Gowan | Temple ISD Board | |
| 5/10/21 | Jim Nichols | Shannon Myers | Temple ISD Board | |
| 5/10/21 | Jim Nichols | Virginia Suarez | Temple ISD Board | |
| 3/29/21 | Sharen Wilson | Giovanni Capriglione | Texas House Rep | 98 |
| 5/10/21 | Noble Walker | Bryan Slaton | Texas House Rep | 2 |
| 5/10/21 | Collin Willis | Candy Noble | Texas House Rep | 89 |
| 5/10/21 | Brett Ligon | Cecil Bell Jr. | Texas House Rep | 3 |
| 5/10/21 | Kim Ogg | Dennis Paul | Texas House Rep | 129 |
| 5/10/21 | Kim Ogg | Dennis Paul | Texas House Rep | 129 |
| 5/10/21 | Joe Gonzales | Diego Bernal | Texas House Rep | 123 |
| 5/10/21 | Jose Garza | Donna Howard | Texas House Rep | 48 |
| 5/10/21 | Wes Mau Hays | Erin Zwiener | Texas House Rep | 45 |
| 5/10/21 | Jim Nichols | Hugh Shine | Texas House Rep | 55 |
| 5/10/21 | Joe Gonzales | Ina Minjarez | Texas House Rep | 124 |
| 5/10/21 | Shawn Dick | John Bucy III | Texas House Rep | 136 |
| 5/10/21 | K. Sunshine Stanek | John Frullo | Texas House Rep | 84 |
| 5/10/21 | John Creuzot | John Turner | Texas House Rep | 114 |
| 5/10/21 | Kim Ogg | Jon Rosenthal | Texas House Rep | 135 |
| 5/10/21 | Erleigh Norville Wiley | Keith Bell | Texas House Rep | 4 |
| 5/10/21 | Scott Say | Ken King | Texas House Rep | 88 |
| 5/10/21 | Joe Gonzales | Steve Allison | Texas House Rep | 121 |
| 5/10/21 | Brett Ligon | Steve Toth | Texas House Rep | 15 |
| 5/10/21 | Kim Ogg | Tom Oliverson | Texas House Rep | 130 |
| 5/10/21 | Jose Garza | Vikki Goodwin | Texas House Rep | 47 |
| 5/10/21 | Brett Ligon | Will Metcalf | Texas House Rep | 16 |

| | | | | |
|---|---|---|---|---|
| 5/11/21 | K. Sunshine Stanek | Dustin Burrows | Texas House Rep | 83 |
| 5/11/21 | Shawn Dick | Terry Wilson | Texas House Rep | 20 |
| 7/23/21 | Joe Gonzales | Lyle Larson | Texas House Rep | 122 |
| 3/29/21 | Sharen Wilson | Jane Nelson | Texas Senate | 12 |
| 4/15/21 | Kim Ogg, Christian Manafee | Jon Whitmire | Texas Senate | 15 |
| 5/10/21 | Greg Willis | Angela Paxton | Texas Senate | 8 |
| 5/10/21 | Noble Walker | Bob Hall | Texas Senate | 2 |
| 5/10/21 | Brett Ligon | Brandon Creighton | Texas Senate | 4 |
| 5/10/21 | James Nichols | Dawn Buckingham | Texas Senate | 24 |
| 5/10/21 | Jennifer Tharp | Donna Campbell | Texas Senate | 25 |
| 5/10/21 | Paul Johnson | Drew Springer | Texas Senate | 30 |
| 5/10/21 | Brian M. Middleton | Joan Huffman | Texas Senate | 17 |
| 5/10/21 | Joe Gonzales | Jose Mendez | Texas Senate | 26 |
| 5/10/21 | John Creuzot | Nathan Johnson | Texas Senate | 16 |
| 5/10/21 | Kim Ogg | Paul Betencourt | Texas Senate | 7 |
| 5/10/21 | Brett Ligon | Robert Nichols | Texas Senate | 3 |
| 5/10/21 | Jose Garcia | Sarah Eckhardt | Texas Senate | 14 |
| 5/11/21 | Kim Ogg | Borris L. Miles | Texas Senate | 13 |
| 5/11/21 | Shawn Dick | Charles Schwertner | Texas Senate | 5 |
| 7/23/21 | Joe Gonzales | Donna Campbell | Texas Senate | 25 |
| 5/10/21 | Brett Ligon | Bob Milner | Woodlands Board of Directors | |
| 5/10/21 | Brett Ligon | Bruce Rieser Woodlands | Woodlands Board of Directors | |
| 5/10/21 | Brett Ligon | Dr. Ann K. Snyder | Woodlands Board of Directors | |
| 5/10/21 | Brett Ligon | Dr. Shelley Sekula-Gibbs | Woodlands Board of Directors | |
| 5/10/21 | Brett Ligon | Gordy Bunch | Woodlands Board of Directors | |
| 5/10/21 | Brett Ligon | John Anthony Brown | Woodlands Board of Directors | |