IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HEATHER COUCHMAN, et al. *Plaintiffs*, | § | |
| vs. | § | CIVIL ACTION NO.: 5:22-cv-929-OLG |
| JACQUELYN CALLANEN, et al., *Defendants*. | § | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR RULE 12(b)(1) and 12(b)(6) MOTION TO DISMISS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Now Come Defendants Bexar County Elections Administrator Jacquelyn Callanen, Bexar County Judge Nelson Wolff, and Bexar County Commissioners Rebeca Clay-Flores, Justin Rodriguez, Marialyn Barnard, and Tommy Calvert, and file this Reply Brief in Support of their Motion to Dismiss pursuant to Federal Rules of Civil Procedure Rule 12(b)(1) and 12(b)(6).

## I. Summary of the Argument

1. Defendants filed their 12(b)(1) and 12(b)(6) Motion to Dismiss on September 2, 2022, moving to dismiss Plaintiffs' claims for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. (Docket No. 7). More specifically, Defendants asserted that Plaintiffs lack standing because their complained-of injury is no more than a generalized grievance about the government that is shared by all voters in the State of Texas. (*Id.*, ¶¶ 4-12). Further, this case presents a non-justiciable political question. (*Id.*, ¶¶ 14-15, 23). In addition, Defendants argued that Plaintiffs' claims are barred as a matter of law, either because the cited statute does not confer a private cause

of action or because § 1983 was not a permissible vehicle for Plaintiffs' claims. (*Id.*, ¶¶ 19-22, 24-33).

2. In their response to Defendants' Motion to Dismiss, Plaintiffs assert that their claims are individual injuries on the part of each Plaintiff and should not be dismissed under Rule 12(b)(1). (Docket No. 17, pgs. 9, 11-15). Plaintiffs do not meaningfully address Defendants' 12(b)(6) motion or explain how they have raised cognizable claims for relief, but instead shift their focus onto two theories that do not save their case. (*Id.*, pgs. 16-19).

3. The Court should dismiss Plaintiffs' claims because their Response confirms their complaints are generalized grievances that do not provide a path to standing; Plaintiffs' case presents a non-justiciable political question; and Plaintiffs have failed to show how their Original Petition states any claim for which relief can be granted.

## II. Removal to this Court was proper

4. First, Plaintiffs again urge the Court to remand the case back to state court. (Docket No. 17, pgs. 10-11). Plaintiffs assert that Defendants are attempting to prevent their case from being heard because Defendants pointed out to the Court that Plaintiffs' state law claims are not actionable under § 1983. (*Id.*). However, as explained in Defendants' Opposition to Plaintiffs' Motion to Remand, because Plaintiffs explicitly seek relief under federal statutes, this Court has federal question jurisdiction. *See* Docket No. 6, *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008). And the fact that the law does not provide Plaintiffs with causes of action for several of their claims does not deprive this Court of jurisdiction. *See Stem v. Gomez*, 813 F.3d 205, 210 (5th Cir. 2016) ("So long as a complaint is drafted 'to seek recovery directly under the Constitution or laws of the United States,' a 'failure to state a proper cause of action calls for a judgment on the merits and not for a

dismissal for want of jurisdiction', quoting from *Bell v. Hood*, 327 U.S. 678, 681-82 (1946)). This Court should deny Plaintiffs' request to remand this case to state court.

**III. Plaintiffs have not established standing**

5. Plaintiffs contend they have standing because they "have endured their own individualized, tangible, specific injuries as a result of election maladministration and malfeasance over the series of elections since 2020". (Docket No. 17, pg. 14). In support of this conclusion, Plaintiffs invoke the Declaration of Independence, the United States Constitution, and Erwin Chemerinsky, among others (*Id.*, pgs. 13-14). However, Plaintiffs' own allegations belie that claim and in fact confirm that their claims are merely generalized grievances about election integrity in Texas. In their Original Petition, Plaintiffs allege:

> "This action is not an election contest. It is an action to bring transparency, fairness, honesty, and quality to Texas elections and to hold responsible those government officials who violate the equal protection and due process rights of Petitioners **(and all Texas citizens)** guaranteed by the Texas Constitution." (Docket No. 1-2, pg. 8). (Emphasis added).

And in their response to Defendants' Motion to Dismiss, Plaintiffs again assert their request for an order requiring that the "Defendants adhere to the constitutionally protected process of collecting and counting votes that ensures integrity and transparency." (Docket No. 17, pg. 6). Even assuming their factual allegations as true, Plaintiffs' election integrity claims could conceivably be raised *by any* Texas voter. Because virtually any other voter in the State of Texas could raise similar election integrity concerns, Plaintiffs' purported injury of the nullification of the right to vote does not state a concrete and particularized injury. *See Texans Against Governmental Waste & Unconstitutional Government Conduct v. United States Dep't of the Treasury*, 619 F.

Supp. 2d 274, 282 (N.D. Tex. 2009) (Means, J.) ("But a citizen has no standing to pursue a complaint predicated on the right, possessed by every citizen, to require that the Government be administered according to law . . .") (internal citations omitted); *see also Paher v. Cegavske*, 457 F. Supp. 3d 919, 926 (D. Nev. 2020) ("But Plaintiffs' purported injury of having their votes diluted due to ostensible election fraud may be conceivably raised by any Nevada Voter. Such claimed injury therefore does not satisfy the requirement Plaintiff must state a concrete and particularized injury.").

6. Federal district courts across the country have rejected similar suits premised on generalized concerns with election administration finding that such claims are not a "valid path to standing." *See Election Integrity Project Cal., Inc. v. Weber*, No. 2:21-CV-00032-AB-MAA, 2021 WL 4501998, at *3-4 (C.D. Cal. Jun. 14, 2021) (holding that plaintiffs lacked standing when asserting generalized vote dilution theories premised on election administration); *see Martel v. Condos*, 487 F. Supp. 247, 253 (D. Vt. 2020) (dismissing for lack of standing because voters who suffer the same incremental dilution caused by some fraudulent vote or administrative process have experienced a generalized injury unreviewable by the courts); *Wood v. Raffensperger*, No. 1:20-CV-5155-TCB, 2020 WL 7706833, at *4 (N.D. Ga. Dec. 28, 2020) (dismissing plaintiff's theory of vote dilution because allegations of "unlawful or invalid ballots dilute the lawful vote of *every* Georgia citizen.").

7. While Plaintiffs assert that they brought this suit seeking to ensure election integrity within Bexar County and other counties across the state, the Supreme Court has repeatedly held that a "generalized grievance, no matter how sincere, is insufficient to

confer standing." *Hollingworth v. Perry*, 570 U.S. 693, 706 (2013). For this reason, the Court should grant Defendants' Rule 12(b)(1) motion to dismiss.

**IV. Plaintiffs' response confirms their case presents a non-justiciable political question**

8. A case presents a non-justiciable political question when it asks the Court to delve into issues that the Constitution demonstrably commits to another political branch. *Spectrum Stores, Inc. v. Citgo Petroleum Corp*., 632 F.3d 938, 950 (5th Cir. 2011). This is the dominant consideration in determining whether a case presents a non-justiciable political question. *Id*. Notwithstanding their conclusory statements to the contrary, Plaintiffs *are* challenging the Texas Legislature's policy determination to authorize the use of electronic voting machines. *See* Docket No. 1-2, pgs. 6-7 ("Experience has now shown the move to computerized voting in Texas was a mistake…[i]t is time to reverse this mistake."). Moreover, in their Response, Plaintiffs concede that the "Constitution explicitly commits to the States the authority to determine the manner of conducting elections." (Docket No. 17, pg. 7, citing U.S. Const. art. I, § 4). Hence, Plaintiffs have conceded that the dominant consideration to determining whether a case presents a non-justiciable political question has been met.

**V. Plaintiffs have failed to establish how their purported claims are cognizable and should therefore be dismissed under Rule 12(b)(6)**

9. Dismissal is proper under Rule 12(b)(6) where there is either: (1) the lack of a cognizable legal theory, or (2) the absence of sufficient facts alleged under a cognizable legal theory. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011). And while federal courts liberally construe the

pleadings of pro se litigants, such parties are not exempt from complying with substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).

10. Defendants moved for dismissal under Rule 12(b)(6) because all of Plaintiffs' claims are foreclosed as a matter of law – either because the statutes under which Plaintiffs are bringing their claims do not confer a private right of action or because § 1983 is not a permissible vehicle for such claim. (*See* Docket No. 7, ¶¶ 19-22, 24-33). Rather than meaningfully respond to Defendants' arguments, Plaintiffs instead shift their focus onto two theories, neither of which saves their case.

11. First, Plaintiffs contend that their vote is their property and that the Defendants have taken their property and must pay just compensation. (Docket No. 17, pgs. 16-17). However, because Plaintiff's Original Petition does not actually assert a takings claim, this argument is irrelevant. *Allen v. Vertafore, Inc.*, 28 F.4th 613, 615-16 (5th Cir. 2022) (review is limited to the complaint and any documents attached to it). Further, even if Plaintiffs had asserted a taking claims in their Original Petition, this would not be a cognizable legal claim because a person does not have a property interest in his or her vote, or the right to vote. *See Richardson v. Tex. Sec. of State*, 978 F.3d 220, 230 (5th Cir. 2020) ("We have found no court that has held that the right to vote—much less the alleged right to vote by mail—is a property interest."). Consequently, the Plaintiffs fail to state a valid takings claim. *Degan v. Bd. of Trustees of Dallas Police and Fire Pension Sys.*, 956 F.3d 813, 815 (5th Cir. 2020) (holding there is no valid takings claim where plaintiff has no property interest).

12. Second, Plaintiffs assert that they incorporated 42 U.S.C. § 1985 in the Counts portion of their Original Petition. (Docket No. 17, pg. 18). Section 1985 is a conspiracy

statute under which the only conspiracies actionable "are those motivated by racial animus." *Cantú v. Moody*, 933 F.3d 414, 419 (5th Cir. 2019). Here, Plaintiffs have not alleged any violation of their equal protection rights based on their race. (*See* Docket No. 1-2). Thus, Plaintiffs' Original Petition fails to state a claim under Section 1985 for which relief can be granted.

13. Although Plaintiffs briefly reference HAVA and 18 U.S.C. § 245 (Docket No. 17, pg. 18), Plaintiffs do not even attempt to argue that HAVA or 18 U.S.C. § 245 confer a private right of action. Plaintiffs also fail to address how their § 1983 claims that are premised on alleged violations of state law are not barred.

14. In sum, Plaintiffs have failed to establish they have asserted cognizable legal theories upon which relief can be granted. For this simple reason, the Court should grant Defendants' 12(b)(6) motion to dismiss.

## VI. Conclusion & Prayer

For all these reasons, Defendants Bexar County Elections Administrator Jacquelyn Callanen, Bexar County Judge Nelson Wolff, and Bexar County Commissioners Rebeca Clay-Flores, Justin Rodriguez, Marialyn Barnard, and Tommy Calvert respectfully request this Court to grant their Rules 12(b)(1) and 12(b)(6) motions to dismiss, dismiss Plaintiffs' claims against them, and grant Defendants such other and further relief the Court deems appropriate under the circumstances.

Respectfully Submitted,

JOE D. GONZALES
Bexar County Criminal District Attorney

By: /s/ *Lisa V. Cubriel*
**LISA V. CUBRIEL**
State Bar No. 24045731
Lisa.Cubriel@bexar.org
**ROBERT W. PIATT III**
State Bar No. 24041692
Robert.Piatt@bexar.org
Assistant District Attorneys,
Civil Division
101 W. Nueva, 7th Floor
San Antonio, Texas 78205
Telephone: (210) 335-2142
Facsimile: (210) 335-2773
***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

I do hereby certify on the 19th day of September 2022, I electronically filed Defendants' Reply Brief in Support of its Motion to Dismiss with the Clerk of Court using the CM/ECF system, which provided electronic service to all parties. With regard to any party that could not be served by electronic service, I certify that I served that party (or those parties) by certified mail, return receipt requested.

/s/ *Lisa V. Cubriel*
**LISA V. CUBRIEL**