Case 5:22-cv-00929-OLG   Document 28   Filed 11/17/22   Page 1 of 5

FILED
November 17, 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____JU_____
           DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| HEATHER LYNN COUCHMAN; RODNEY LANDRY; JARRETT WOODWARD; JANA WILLBORN; MATTHEW STUCKEY; SYLVIA ANN CURRIE; MADELON HIGHSMITH; LEIGH MADDOX; and MARSHA LANDRY<br><br>  Plaintiffs<br><br>v.<br><br>JACQUELYN CALLANEN, Bexar County Elections Administrator; NELSON WOLFF, Bexar County Judge; JUSTIN RODRIGUEZ, Bexar County Commissioner; REBECA CLAY-FLORES, Bexar County Commissioner; MARIALYN BARNARD, Bexar County Commissioner; and TOMMY CALVERT, Bexar County Commissioner<br><br>  Defendants | CIVIL NO. SA-22-CV-929-OLG |

## DISMISSAL ORDER

Pending before the Court is Plaintiff Couchman's motion to remand (docket no. 3) and Defendants' motion to dismiss (docket no. 7). After reviewing the record and the applicable law, the Court finds as follows:

I.

Statement of the case

This lawsuit was brought against Bexar County officials to end the use of

1

electronic voting; preserve election data from past elections; and mandate a practice of requiring "hand-marked paper ballots that can be cast with anonymity" and "hand-counted by human beings." Docket no. 1-2. Plaintiffs claim the use of electronic voting systems has violated their rights under the U.S. Constitution, the Texas Constitution, the Texas Election Code, and the Texas Penal Code. They assert a claim under 42 U.S.C. § 1983 for alleged violations of their First, Fourteenth, and Fifteenth Amendment rights, and seek declaratory and injunctive relief. *Id.*[1]

The lawsuit was filed in state court, and Defendants removed the case to this Court on August 26, 2022. Docket no. 1. Plaintiff Couchman filed a motion to remand on August 29, 2022. Docket no. 3.[2] Defendants filed a response on August 8, 2022 (docket no. 6) and Plaintiff Woodward filed a reply on September 2, 2022 (docket no. 10).[3] Defendants filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), on September 2, 2022. Docket no. 7. Defendant Woodward filed a response to the motion to dismiss on September 12, 2022. Docket no. 17.[4]

---

[1] Each of the plaintiffs are named in the complaint, but only Heath Couchman, appearing pro se, signed the complaint. Docket no. 1-2. None of the plaintiffs are represented by legal counsel.

[2] Each of the pro se plaintiffs are named in the motion to remand, but only Heath Couchman signed the motion to remand. Docket no. 3.

[3] Each of the pro se plaintiffs are named in the reply, but only Jarrett Woodward signed the reply. Docket no. 10.

[4] Each of the pro se plaintiffs are named in the response to the motion to dismiss, but only Jarrett Woodward signed the response. Docket no. 17.

## II.

## Removal was appropriate

Defendants removed the case from state court because Plaintiffs raised federal questions in their complaint, invoking federal jurisdiction. *See* 28 U.S.C. §1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Defendants have shown, and the face of the complaint reflects, that Plaintiffs are seeking relief under the Constitution and laws of the United States. Plaintiffs claim violations of their First, Fourteenth, and Fifteenth Amendment rights and expressly seek relief under 42 U.S.C. § 1983. *See* docket no. 1-2 at 7, 49-55, 58. They also cite several other federal statutes, including 18 U.S.C. § 245, 28 U.S.C. § 2201, 42 U.S.C. § 1985, and 52 U.S.C. §§ 10307, 20701, and 20971, in support of their claims. Thus, removal was appropriate.

## III.

## Plaintiffs lack standing

Defendants move to dismiss Plaintiffs' claims because they lack standing. In ruling on a Rule 12(b)(1) motion, the court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Spotts v. United States*, 613 F.3d 559, 566 (5th Cir. 2010). In this case, there is no need to look beyond the pleadings.

Plaintiffs state, in their complaint, that they "are all Bexar County, Texas Citizens and registered voters." Docket no. 1-2 at 2. They "seek to eliminate the black box voting system" because "Texas voters no longer know whether their vote has been accurately tabulated or manipulated, and there can be no spot check within reasonable levels of confidence." *Id.* at 6. Plaintiffs claim they "have a vested interest in protecting the quality, accuracy, and effectiveness of individual votes to ensure our representative servants are lawfully elected by the consent of the governed for the protection against tyranny and for health maintenance of our Republican form of government afforded to us by our ancestors, and for the benefit of our successors." *Id.* Plaintiffs generally challenge the manner in which electronic voting equipment is certified and claim their "constitutional rights to vote will be denied if computerized equipment is used" in elections. *Id.* at 10, 40. They request injunctive relief "barring Respondents from using computerized equipment to administer the collection, storage, counting, and tabulation of votes in any elections for the protection of the Petitioners' voice and will through elections." *Id.* at 7.

To establish standing to pursue their claims, a particularized injury to Plaintiffs must have occurred. The alleged injury cannot be generalized, or something that affects everyone in the same way. Instead, Plaintiffs must have personally suffered an actual or threatened injury that can be fairly traced to the challenged action and is redressable by the courts. If there is no injury to Plaintiffs personally, they lack standing. *See Lance v. Coffman*, 549 U.S. 437, 439, 127 S. Ct. 1194, 1196 (2007) ("We have consistently held that a plaintiff raising only a

generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy.") (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573-574, 112 S.Ct. 2130 (1992)); *see also Hotze v. Hudspeth*, 16 F.4th 1121, 1124 (5th Cir. 2021) (a "contention that [a method of voting] hurt the 'integrity' of the election process ... is far too generalized to warrant standing.").

The complaint reflects a complete absence of any alleged concrete and particularized injury to Plaintiffs. Instead, their claims are generalized grievances about the use of electronic voting systems. At most, they make a conclusory statement that they have been or will be harmed by the use of such systems, but there are no facts to support an allegation of injury to them personally. In fact, they allege that use of electronic voting systems will violate the rights of all Texans. *See* docket no. 1-2 at 6, 8-9, 45, 50, 56. This is not sufficient to confer standing in this case.

It is therefore ORDERED that the motion to remand (docket no. 3) is DENIED and Defendants' motion to dismiss (docket no. 7) is GRANTED. All claims herein are DISMISSED for lack of standing.

SIGNED this  17th  day of November, 2022.

_____
ORLANDO L. GARCIA
CHIEF U.S. DISTRICT JUDGE