**FILED**
December 06, 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: NM
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**HEATHER COUCHMAN,**
**A voter of Bexar County;**
**JARRETT WOODWARD,**
**A voter of Bexar County;**
**MATTHEW R STUCKEY,**
**A voter of Bexar County;**
**MADELON HIGHSMITH,**
**A voter of Bexar County;**
**MARSHA LANDRY,**
**An election clerk and voter of Bexar County;**
**RODNEY LANDRY, Presiding Judge, voting site 241 and a voter of Bexar County;**
**JANA WILLBORN,**
**A voter of Bexar County;**
**SYLVIA ANN CURRIE,**
**A voter of Bexar County;**
**LEIGH MADDOX,**
**A voter of Bexar County;**
*Petitioners*,

**v.**

**JACQUELYN CALLANEN, Bexar County Elections Administrator; NELSON WOLFF, Bexar County Judge and head of the Bexar County Elections Commission;**
**REBECA CLAY-FLORES, Bexar County Commissioner;**
**JUSTIN RODRIGUEZ, Bexar County Commissioner;**
**MARIALYN BARNARD, Bexar County Commissioner;**
**TOMMY CALVERT, Bexar County Commissioner;**
*Respondents*.

No. 5:22-cv-00929-OLG

**PETITIONERS' OPPOSED MOTION TO ALTER JUDGEMENT**

*TO THE HONORABLE GARCIA,*

COME NOW, PETITIONERS HEATHER COUCHMAN, JARRETT WOODWARD, MATTHEW R STUCKEY, MADELON HIGHSMITH, MARSHA LANDRY, RODNEY LANDRY, JANA WILLBORN, SYLVIA ANN CURRIE, and LEIGH MADDOX, and files this Motion to Alter Judgement from the Order for Dismissal (ECF no. 28) filed November 17, 2022, pursuant to Fed. R. Civ. P. Rule 59(e).

Table of Contents

**TABLE OF AUTHORITIES** .......... 2
**BACKGROUND** .......... 4
**ARGUMENT AND AUTHORITIES** .......... 4
**CONCLUSION AND PRAYER** .......... 6
**CERTIFICATE OF SERVICE** .......... 8

## TABLE OF AUTHORITIES

Cases

Allyson Raskin v. Clay Jenkins and Michael Scarpello, Civil Action No. 3:22-CV-2012-E-BH, ECF no. 15, N. Dis. TX (2022) .......... 6
Coastal Habitat Alliance v. Patterson, 601 F. Supp.2d 868, 877 (W.D. Tex. 2008) .......... 5
Collins v. Mnuchin, 896 F.3d 640, 654 n.83 (5th Cir. 2018) .......... 5
James v. City of Dallas, 254 F.3d 551, 563 (5th Cir. 2001)), aff'd by 385 F. App'x 358 (5th Cir. 2010) .......... 5
Legacy Cmty. Health Servs., Inc., 881 F.3d at 366 n.2 (citing K.P., 627 F.3d at 122) .......... 5
Lewis v. Casey, 518 U.S. 343, 349 n.1 (1996) .......... 4
Raines v. Byrd, 521 U.S. 811, 818 (1997) .......... 4
Reed v. Rawlings, No. 3:18-CV-1032-B, 2018 WL 5113143, at *3 (N.D. Tex. Oct. 19, 2018) ... 5
Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc., No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004) .......... 6

Scott v. Byrnes, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008)........ 5
Sims v. Tester, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001) ......... 6
Stallworth v. Bryant, 936 F.3d 224, 230 (5th Cir. 2019) .......................................................... 5
U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 395 (1980) .................................................. 4
Whitmore v. Arkansas, 495 U.S. 149, 155-56 (1990) ............................................................. 5

Statutes

28 U.S.C. § 1446(b) ............................................................................................................. 4
28 USC 1447.................................................................................................................. 5, 6

Rules

Fed. R. Civ. P. Rule 59(e) ..................................................................................................... 2

## BACKGROUND

On August 1, 2022, Petitioners filed their Petition for Declaratory Judgement and Emergency Relief Against Electronic Voting Systems and Destruction of Records in the 224th Judicial District Court for the State of Texas (Cause No. 2022-CI-14328, styled Heather Couchman, et al. v. Jacquelyn Callanen, et. al.) (ECF no. 1-2). Respondents were served with the Petition for Declaratory Judgment and Emergency Relief on August 05, 2022, not August 10, 2022 as alleged by the Respondent's Council. Respondents Bexar County Elections Administrator Jacquelyn Callanen, Bexar County Judge Nelson Wolff, and Bexar County Commissioners Rebeca Clay- Flores, Justin Rodriguez, Marialyn Barnard, and Tommy Calvert filed their notice of removal within the 30-day period required by 28 U.S.C. § 1446(b) (ECF no. 1), and subsequently filed for Motion to Dismiss (ECF no. 7). Petitioners filed their Motion to Remand (ECF no. 3) and a response to Respondents' Motion to Dismiss (ECF no. 17). On November 17, 2022, this Court dismissed the above cause for want of standing (ECF no. 28).

## ARGUMENT AND AUTHORITIES

First, Petitioners object to this Court's dismissal for lack of standing. "Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). "One element of the case-or-controversy requirement is that [plaintiffs], based on their complaint, must establish that they have standing to sue." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). Like other jurisdictional requirements, this requirement is "not subject to waiver," *Lewis v. Casey*, 518 U.S. 343, 349 n.1 (1996), and the Supreme Court "insist[s] on strict compliance" with it, *Raines*, 521 U.S. at 819. "Even when standing is not raised by the parties, the Court must, where necessary, raise the issue sua sponte." *Reed v. Rawlings*, No. 3:18-CV-1032-B, 2018 WL 5113143, at *3 (N.D. Tex. Oct.

19, 2018) (citing *Collins v. Mnuchin*, 896 F.3d 640, 654 n.83 (5th Cir. 2018)); see also *Legacy Cmty. Health Servs., Inc.*, 881 F.3d at 366 n.2 (citing K.P., 627 F.3d at 122). Courts are also to assess a plaintiff's "standing to bring each of its claims against each defendant." *Coastal Habitat Alliance v. Patterson*, 601 F. Supp.2d 868, 877 (W.D. Tex. 2008) (citing *James v. City of Dallas*, 254 F.3d 551, 563 (5th Cir. 2001)), aff'd by 385 F. App'x 358 (5th Cir. 2010)).

Petitioners sufficiently demonstrated actual injury as a result of Respondents' actions, and highlighted the jurisdiction was intertwined with the merits of the case (ECF no. 17). While "'at the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice' to establish standing," *Stallworth v. Bryant*, 936 F.3d 224, 230 (5th Cir. 2019) (quoting *Lujan*, 504 U.S. at 560), "[a] federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing," *Whitmore v. Arkansas*, 495 U.S. 149, 155-56 (1990). 28 USC 1447 states, "(c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Due to the fact that – in this Court's opinion – Petitioners failed to establish standing, which resulted in failure to invoke this Court's subject-matter jurisdiction, this Court should have granted the Petitioners' Motion for Remand to return to state court.

Secondly, Petitioners requested permission to amend should this Court assume jurisdiction, and should have been granted the opportunity to do so (ECF no. 17 pg. 19). "Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give pro se plaintiffs several opportunities to state a claim upon which relief can be granted. See *Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D,

2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow pro se plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. See *Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc*., No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004)… Here, Plaintiff has not amended her petition since filing this action, and it does not appear that she has alleged her best case against Defendants. She should accordingly be offered an opportunity to amend her petition to address the jurisdictional deficiencies." *Allyson Raskin v. Clay Jenkins and Michael Scarpello*, Civil Action No. 3:22-CV-2012-E-BH, ECF no. 15, N. Dis. TX (2022).

**CONCLUSION AND PRAYER**

Due to the aforementioned reasons, this Court should reconsider its ruling filed November 17, 2022 (ECF no. 28). Petitioners respectfully request this Court to alter its judgement to 1) permit Petitioners to amend their original filing from state court to cure jurisdictional defects, 2) amend their petition to include new evidence, as well as conform to Fed. R. Civ. P. Rule 65 to file their injunctive relief separately, and 3) grant Petitioners' Motion for Remand (ECF no. 3) should this Court choose to comply with 28 USC 1447. This Court GRANTS such other and further relief as may be just, equitable, and proper including without limitation, an award of any attorneys' fees and costs to Petitioners.

Respectfully submitted this 6th day of December, 2022.

By: /s/ *Heather Couchman*
Heather Couchman
16511 Stone Ridge Dr
San Antonio, TX 78232
210-943-6020
HeatherNTX@protonmail.com

/s/ *Jarrett Woodward*
Jarrett Woodward
8910 N Loop 1604 W Apt 1633
San Antonio, TX 78249
210-693-7457
Digging4au@protonmail.com

/s/ *Matthew R Stuckey*
Matthew R Stuckey
20533 Wind Springs
San Antonio, TX 78258
210-748-8097
hunterofwine@gmail.com

/s/ *Madelon Highsmith*
Madelon Highsmith
251 Brightwood Pl
San Antonio, TX 78209
214-505-5071
Highsmith@ME.com

/s/ *Marsha Landry*
Marsha Landry
5819 Lost Creek St
San Antonio, TX 78247
210-710-1722
Mrandmrslandry17@protonmail.com

/s/ *Rodney Landry*
Rodney Landry
5819 Lost Creek St
San Antonio, TX 78247
210-710-1722
Mrandmrslandry17@protonmail.com

/s/ *Jana Willborn*
Jana Willborn
2302 Tory Hill St
San Antonio, TX 78232
210-378-8503
jwillborn@gmail.com

/s/ *Sylvia Ann Currie*
Sylvia Ann Currie
1303 White Rock
San Antonio, TX 78245
210-673-8673
Sylviaacurrie@hotmail.com

/s/ *Leigh Maddox*
Leigh Maddox
10539 Calico Creek
San Antonio, TX 78427
701-838-1009
l.erin99@gmail.com
*Pro se Petitioners*

**CERTIFICATE OF SERVICE**

On December 5, 2022, I served a true and correct copy of this response in accordance with the Federal Civil Rules of Procedure to attorney for Respondents as follows:

LISA CUBRIEL
State Bar No. 24045731
Lisa.Cubriel@bexar.org
ROBERT W. PIATT III
State Bar No. 24041692
Robert.Piatt@bexar.org
Assistant District Attorneys,
Civil Division
101 W. Nueva, 7th Floor
San Antonio, Texas 78205
Telephone: (210) 335-2142
Facsimile: (210) 335-2773
Attorney for Defendants

By: /s/ *Heather Couchman*
Heather Couchman
16511 Stone Ridge Dr
San Antonio, TX 78232
210-943-6020
HeatherNTX@protonmail.com

/s/ *Jarrett Woodward*
Jarrett Woodward
8910 N Loop 1604 W Apt 1633
San Antonio, TX 78249
210-693-7457
Digging4au@protonmail.com

/s/ *Matthew R Stuckey*
Matthew R Stuckey
20533 Wind Springs
San Antonio, TX 78258
210-748-8097
hunterofwine@gmail.com

/s/ *Madelon Highsmith*
Madelon Highsmith
251 Brightwood Pl
San Antonio, TX 78209
214-505-5071
Highsmith@ME.com

/s/ *Marsha Landry*
Marsha Landry
5819 Lost Creek St
San Antonio, TX 78247
210-710-1722
Mrandmrslandry17@protonmail.com

/s/ *Rodney Landry*
Rodney Landry
5819 Lost Creek St
San Antonio, TX 78247
210-710-1722
Mrandmrslandry17@protonmail.com

/s/ *Jana Willborn*
Jana Willborn
2302 Tory Hill St
San Antonio, TX 78232
210-378-8503
jwillborn@gmail.com

/s/ *Sylvia Ann Currie*
Sylvia Ann Currie
1303 White Rock
San Antonio, TX 78245
210-673-8673
Sylviaacurrie@hotmail.com

/s/ *Leigh Maddox*
Leigh Maddox
10539 Calico Creek
San Antonio, TX 78427
701-838-1009
l.erin99@gmail.com
*Pro se Petitioners*