**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **HEATHER COUCHMAN, *et al.*** | § | |
| | § | |
| ***Plaintiffs*,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO.: 5:22-cv-929-OLG** |
| | § | |
| **JACQUELYN CALLANEN, *et al.*,** | § | |
| | § | |
| ***Defendants*.** | § | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO ALTER JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Now Come Defendants Bexar County Elections Administrator Jacquelyn Callanen, Bexar County Judge Nelson W. Wolff, and Bexar County Commissioners Rebeca Clay-Flores, Justin Rodriguez, Marialyn Barnard, and Tommy Calvert, who respectfully ask this Court to deny Plaintiffs' Motion to Alter Judgment (Docket No. 30).

## I. BACKGROUND AND SUMMARY OF ARGUMENT

1. On November 17, 2022, the Court issued an order denying Plaintiffs' motion to remand and granting Defendants' motion to dismiss. (Docket No. 28). Plaintiffs have filed a motion to alter the Court's judgment alleging: 1) Plaintiffs "sufficiently demonstrated actual injury as a result of [Defendants'] actions", and 2) Plaintiffs should have been granted an opportunity to amend their complaint. (Docket No. 30, pgs. 4-6).

2. The Court should deny Plaintiffs' motion to alter the Court's judgment. The Court's decision to deny Plaintiffs' motion to remand and grant Defendants' motion to dismiss is proper and well-reasoned. In short, the Court correctly held that removal of Plaintiffs' cause of action to federal court was appropriate where Plaintiffs sought relief under the

Constitution and laws of the United States, and dismissal of Plaintiffs' cause of action was appropriate because Plaintiffs lacked standing. (Docket No. 28). Dissatisfied with the Court's decision, Plaintiffs have filed a motion to alter judgment. (Docket No. 30). Plaintiffs' motion seeks yet another bite at the apple by recycling arguments that have already been considered and rejected. These are not adequate grounds to alter the Court's judgment; therefore, Plaintiff's motion to alter judgment should be denied.

## II. ARGUMENT AND AUTHORITIES

3. Notably absent from Plaintiffs' motion is any mention or discussion of what governs motions under Rule 59(e).

4. "A Rule 59(e) motion 'calls into question the correctness of a judgment."' *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (*quoting In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). In determining when a Rule 59(e) motion should be granted, the Fifth Circuit has consistently held that "[a] motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010). Because of this limited scope, a Rule 59(e) motion "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Id.* Also, in light of the high "clearly establish" standard and the limited scope, the Fifth Circuit has noted that "[r]econsideration of a judgment [under Rule 59(e)] after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

5. Just as Plaintiffs' motion does not set out the legal standard for assessing Rule 59(e) motions, it likewise fails to allege, let alone clearly establish, a single "manifest error of law or fact" as required by the Fifth Circuit. Plaintiffs contend that the Court erred in

determining they lacked standing to bring their suit, but they only rehash the same arguments previously made, which is the incorrect standard for a Rule 59(e) Motion.

6. Plaintiffs also contend the Court erred by not granting them leave to amend their complaint. (Docket No. 30, pgs. 5-6). In their response to Defendants' motion to dismiss, Plaintiffs requested the Court permit them to "amend the original petition to cure defects." (Docket No. 17, pg. 19). Plaintiffs, however, did not explain *how* they could cure the jurisdictional defects of their Original Petition, and the record is clear that any attempts to amend their pleadings would have been futile.

7. Leave to amend under Federal Rule of Civil Procedure 15(a) should be freely given unless there exists "[1] undue delay, [2] bad faith or dilatory motive on the part of the movant, [3] repeated failure to cure deficiencies by amendments previously allowed, [4] undue prejudice to the opposing party by virtue of allowance of the amendment, [or 5] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Whether leave to amend should be granted is entrusted to the sound discretion of the district court, and that court's ruling is reversible only for an abuse of discretion." *Residents of Gordon Plaza, Inc. v. Cantrell*, 25 F.4th 288, 302 (5th Cir. 2022) (quoting *Heinze v. Tesco Corp.*, 971 F.3d 475, 485 (5th Cir. 2020)). The district court properly exercises its discretion in denying leave to amend for any of the five "substantial reason[s]" listed above. *Stevens v. St. Tammany Parish Gov't*, 17 F.4th 563, 575 (5th Cir. 2021) (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)). Finally, "the court should consider judicial economy and whether the amendments would lead to expeditious disposition of the merits of the litigation," *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1163 (5th Cir. 1982), and a "busy district court need not allow itself to be imposed upon

by the presentation of theories seriatim." *Azurix*, 332 F.3d at 865 (quoting *Freeman v. Continental Gin Co.*, 381 F.2d 459, 469 (5th Cir. 1967)).

8. For the reasons discussed above, the Court correctly determined the Plaintiffs lacked standing to bring their suit. Thus, any amended pleading would have been futile. The Court did not abuse its discretion in dismissing Plaintiffs' suit without giving them another opportunity to amend.

9. Because Plaintiffs have failed to show the Court committed a clear error of law in its Dismissal Order, the Court should deny Plaintiffs' motion to alter the judgment.

**CONCLUSION**

Defendants Bexar County Elections Administrator Jacquelyn Callanen, Bexar County Judge Nelson W. Wolff, and Bexar County Commissioners Rebeca Clay-Flores, Justin Rodriguez, Marialyn Barnard, and Tommy Calvert respectfully request that the Court deny Plaintiffs' Motion to Alter Judgment, along with any relief requested therein on behalf of Plaintiffs, and that the Court grant Defendants any other and further relief, both in law and in equity, that Defendants may show themselves justly entitled.

Respectfully Submitted,

JOE D. GONZALES
Bexar County Criminal District Attorney

By: /s/ *Lisa V. Cubriel*

**LISA V. CUBRIEL**
State Bar No. 24045731
Lisa.Cubriel@bexar.org
**ROBERT W. PIATT III**
State Bar No. 24041692
Robert.Piatt@bexar.org
Assistant District Attorneys,
Civil Division
101 W. Nueva, 7th Floor

San Antonio, Texas 78205
Telephone: (210) 335-2142
Facsimile: (210) 335-2773
***Attorneys for Defendants***

**CERTIFICATE OF SERVICE**

I do hereby certify on the 14th day of December 2022, I electronically filed Defendants' Response in Opposition to Plaintiffs' Motion to Alter the Judgment with the Clerk of Court using the CM/ECF system, which provided electronic service to all parties. With regard to any party that could not be served by electronic service, I certify that I served that party (or those parties) by certified mail, return receipt requested.

/s/ *Lisa V. Cubriel*
**LISA V. CUBRIEL**